# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DAMON CRAWFORD,

        Petitioner,    :    Case No. 3:14-cv-022

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,
  Lebanon Correctional Institution,

        :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations on initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases recommending that the Petition be dismissed with prejudice and Crawford be denied a certificate of appealability and leave to appeal *in forma pauperis* (the "Report," Doc. No. 3). Judge Rose has recommitted the case for reconsideration in light of the Objections (Doc. No. 6).

The Report found that the Second District Court of Appeals had decided all of Crawford's claims on the merits and concluded that that court's decision was neither contrary to nor an objectively unreasonable application of clearly established Supreme Court precedent. Therefore the decision was entitled to deference under 28 U.S.C. § 2254(d)(1) (Report, Doc. No. 3, PageID 43, 52, 55). Ground Three was also found to have been procedurally defaulted. *Id.* at PageID 55.

Crawford's First Ground for Relief is that his incriminating statements made to Detective

1

Daugherty while he was in the Adult Parole Office on April 27, 2009, should have been suppressed. The Second District Court of Appeals opinion recites in detail the findings of the trial judge made after conducting a hearing on Crawford's motion to suppress and concludes those findings were not unreasonable in light of the evidence before the trial court, including the audio recording made by Detective Daugherty. *State v. Crawford*, 2012-Ohio-3595, ¶¶ 7-28, 2012 Ohio App. LEXIS 3187 (2d Dist. 2012). The Magistrate Judge agreed (Report, Doc. No. 3, PageID 43).

In his Objections, Crawford quotes at length from the audiotape. In support of his position, he claims that both the parole officer and Detective Daugherty were not telling the truth in the suppression hearing (Objections, Doc. No. 5, PageID 65, 67). Crawford concludes "who do [sic] the petitioner turn to when the testimony that was relied on was false[?]" (Objections, Doc. No. 5, PageID 65). When attempting to prove that some other witness is lying, a litigant can cross-examine the witness or present contradictory testimony. Here Crawford did cross-examine both the parole officer and Detective Daugherty and also had available the audiotape of interview; the Second District's opinion does not show that Crawford himself testified at the suppression hearing. Based on that evidence, Judge Gorman found the facts about what happened. The Court of Appeals had available to it both the audiotape and the transcript of the suppression hearing.

The state court's conclusions are not unreasonable based on the evidence before it. Crawford now makes statements about what happened at the time[1], but he points to no place in the record where such statements were made under oath and were available to the state courts in the decision of the suppression motion. This Court cannot consider evidence that was not

---

[1] E.g. "Petitioner claims that he never went to the A.P.A. [Adult Parole Authority] to let Butler copy his journal. He was there to serve a grievance." (Objections, Doc. No. 5, PageID 67).

2

presented to the state courts when they decided the claim in question. *Cullen v. Pinholster,* 563 U.S. ___, 131 S.Ct. 1388 (2011). Habeas corpus is not a forum to re-try a motion to suppress, particularly where the habeas petitioner was given a full hearing in the state courts.

Crawford makes no objections to the proposed dismissal of Grounds Two and Three.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that this case be dismissed with prejudice, that Petitioner be denied a certificate of appealability, and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous.

March 18, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).